**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| DENISE WADE,<br>*individually and on behalf of all others similarly*<br>*situated,*<br><br>                      Plaintiff,<br><br>        -against-<br><br><br>ASSET MANAGEMENT SERVICES GROUP,<br>LLC, SILVERPOINT LTD, MENTOLI TRADE<br>CORP, NATALIA KABANOVA, MARK<br>SMEKHOV, RON WOOD, KEN BRADDOCK<br> and   JOHN DOES 1 - 10,<br><br>                  Defendants. | Civil Action No.: _____<br><br><br><br>**CLASS ACTION COMPLAINT AND**<br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff DENISE WADE ("Plaintiff"), individually, and on behalf of all those similarly situated, by and through undersigned counsel, as and for Plaintiff's Complaint against the Defendants ASSET MANAGEMENT SERVICES GROUP, LLC ("AMSG"), SILVERPOINT LTD (SILVERPOINT); MENTOLI TRADE CORP. ("MENTOLI"), NATALIA KABANOVA ("Defendant Natalia Kabanova"), MARK SMEKHOV ("Defendant Mark Smekhov"), RON WOOD ("Defendant Ron Wood"), KEN BRADDOCK ("Defendant Ken Braddock") and JOHN DOES 1 - 10 (all collectively as "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## NATURE OF ACTION

1.  This action for damages arises from a debt collection agency's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. 227 *et. seq.* ("TCPA").

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as [15 U.S.C. §§ 1681 *et seq.*, ] 15 U.S.C. §§1692 *et. seq.*, 28 U.S.C. §§1367, and 28 U.S.C. § 2201.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

4.  Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202.

## PARTIES

5.  Plaintiff is a resident of the State of Louisiana in Bossier Parish. At all relevant times herein, Plaintiff resided in Bossier Parish.

6.  Plaintiff is a natural person.

7.  At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

8.  Defendant AMSG is a collection firm that maintains their principal place of business at 6245 Powerline Road, Suite # 102, Fort Lauderdale, Florida 33309. Defendant AMSG also maintains offices at 5079 North Dixie Highway, Oakland, Florida 33334.

9.  Defendant SILVERPOINT is a collection firm maintaining offices at 6245 Powerline Road, Suite # 102, Fort Lauderdale, Florida 33309.

10.  Defendant MENTOLI is a collection firm maintaining offices at 6245 Powerline Road, Suite # 102, Fort Lauderdale, Florida 33309.

11.     Defendant Natalia Kabanova is an individual residing at 2803 North Oakland Forest Drive, Oakland Park, Florida 33309.

12.     At all relevant times, Defendant Natalia Kabanova was acting as an owner, officer, director, manager and/or agent of Defendant AMSG.

13.     At all relevant times, Defendant Natalia Kabanova was vested with the responsibility to manage Defendant AMSG.

14.     Defendant Natalia Kabanova was responsible for the management and/or affairs of Defendant AMSG.

15.     Defendant Natalia Kabanova was responsible for the day-to-day operations of Defendant AMSG.

16.     At all relevant times, Defendant Natalia Kabanova was responsible for the supervision of Defendant AMSG's employees, agents and/or representatives that were attempting to collect debts.

17.     Defendant Mark Smekhov is an individual residing in Deerfield, Florida.

18.     At all relevant times, Defendant Mark Smekhov was acting as an owner, officer, director, manager and/or agent of Defendant AMSG.

19.     At all relevant times, Defendant Mark Smekhov was vested with the responsibility to manage Defendant AMSG.

20.     Defendant Mark Smekhov was responsible for the management and/or affairs of Defendant AMSG.

21.     Defendant Mark Smekhov was responsible for the day-to-day operations of Defendant AMSG.

22.     At all relevant times, Defendant Mark Smekhov was responsible for the supervision of Defendant AMSG's employees, agents and/or representatives that were attempting to collect debts.

23.     Defendant Ron Wood is an individual residing in the State of Florida.

24.     At all relevant times, Defendant Ron Wood was acting as an owner, officer, director, manager and/or agent of Defendant AMSG.

25.     At all relevant times, Defendant Ron Wood was vested with the responsibility to manage Defendant AMSG.

26.     Defendant Ron Wood was responsible for the management and/or affairs of Defendant AMSG.

27.     Defendant Ron Wood was responsible for the day-to-day operations of Defendant AMSG.

28.     At all relevant times, Defendant Ron Wood was responsible for the supervision of Defendant AMSG's employees, agents and/or representatives that were attempting to collect debts.

29.     Defendant Ken Braddock is an individual residing in the State of Florida.

30.     At all relevant times, Defendant Ken Braddock was acting as an owner, officer, director, manager and/or agent of Defendant AMSG.

31.     At all relevant times, Defendant Ken Braddock was vested with the responsibility to manage Defendant AMSG.

32.     Defendant Ken Braddock was responsible for the management and/or affairs of Defendant AMSG.

33.   Defendant Ken Braddock was responsible for the day-to-day operations of Defendant AMSG.

34.   At all relevant times, Defendant Ken Braddock was responsible for the supervision of Defendant AMSG's employees, agents and/or representatives that were attempting to collect debts.

35.   Defendant Ken Braddock is an individual residing in the State of Florida.

36.   At all relevant times, Defendant Ken Braddock was acting as an owner, officer, director, manager and/or agent of Defendant AMSG.

37.   At all relevant times, Defendant Ken Braddock was vested with the responsibility to manage Defendant AMSG.

38.   Defendant Ken Braddock was responsible for the management and/or affairs of Defendant AMSG.

39.   Defendant Ken Braddock was responsible for the day-to-day operations of Defendant AMSG.

40.   At all relevant times, Defendant Ken Braddock was responsible for the supervision of Defendant AMSG's employees, agents and/or representatives that were attempting to collect debts.

41.   At all relevant times, Defendants JOHN DOES 1 – 10 were each acting as an owner, officer, director, manager and/or agent of Defendant AMSG.

42.   At all relevant times, Defendants JOHN DOES 1 – 10 were each vested with the responsibility to manage Defendant AMSG.

43.   Defendants JOHN DOES 1 – 10 were each responsible for the management and/or affairs of Defendant AMSG.

44.  Defendants JOHN DOES 1 – 10 were each responsible for the day-to-day operations of Defendant AMSG.

45.  At all relevant times, Defendants JOHN DOES 1 – 10 were each responsible for the supervision of Defendant AMSG's employees, agents and/or representatives that were attempting to collect debts.

46.  Defendants are not in the business of extending credit, selling goods or services to consumers.

47.  Defendants regularly collect or attempt to collect debts.

48.  Defendants regularly collect or attempt to collect debts that are past due.

49.  Defendants regularly collect or attempt to collect debts allegedly owed to others.

50.  Defendants regularly collect or attempt to collect debts allegedly owed to others that were incurred primarily for personal, family or household purposes.

51.  Defendants are in the business of collecting debts or alleged debts of natural persons.

52.  Defendants are in the business of collecting debts or alleged debts of natural persons that arise from transactions, which are primarily for personal, family, or household purposes.

53.  In attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

54.  Defendants uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons that arise from transactions which are primarily for personal, family, or household purposes.

55.  Defendants regularly collect or attempt to collect debts for other parties, and therefore, are "debt collectors" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

56. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

57. Defendants have asserted that Plaintiff allegedly incurred or owed a certain financial obligation arising out of a certain HSBC account ("alleged debt" or "account").

58. The alleged debt arose out of a transaction in which money, services, or property, which was the subject of the transaction, was primarily used for family, personal, and/or household purposes.

59. The alleged debt was a personal credit card that was never used for commercial purposes.

60. The alleged debt is purported to be the result of one or more transactions.

61. The alleged debt was assigned to Defendants for the purpose of collecting the debt.

62. As such, the Alleged Debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5) of the FDCPA.

63. Defendants contend that the account is past due and in default.

64. However, the account was already satisfied in full. Defendants misrepresented the balance on the account and then attempted to collect the non-existent debt.

65. On or about April 12, 2016, Defendants were advised that Plaintiff was represented by counsel.

66. Nonetheless, Defendants, knowing that Plaintiff was represented by an attorney, contacted Plaintiff directly in an attempt to collect the alleged debt.

67. Defendants did not attempt to contact Plaintiff's counsel before contacting Plaintiff. Defendants did not have permission or consent to contact Plaintiff.

68.    On or about May 24, 2016, Defendants contacted Plaintiff on her cellphone using an artificial pre-recorded automated message without prior consent.

69.    Said automated message or "robo call" was received from phone number (678) 619-5974.

70.    The message stated, *inter alia*, "It is important that we speak with you and we urge you to press one to speak with a representative immediately or call us back today at (405) 896-7992. Again, this is a very important matter that you need to deal with today."

71.    Between May 24th and June 1st, Defendants contacted Plaintiff approximately seven (7) times.

72.    All calls placed by Defendants to Plaintiff utilized an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

73.    The ATDS Defendants used has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

74.    Defendants' calls constituted calls that were not for emergency purposes.

75.    Defendants did not have prior consent from Plaintiff to make said call.

76.    Plaintiff and Defendants do not and have never had business relationship.

77.    Plaintiff is not a customer of Defendants, and has never provided any personal information, including her phone number, to Defendants, for any purpose whatsoever; nor has Plaintiff purchased or used any goods or services offered by Defendants, at any time prior to the filing of this Complaint.

78.    Defendants failed to make the appropriate disclosures during their initial communication with Plaintiff. As a consequence, Plaintiff was not advised of her right to dispute the debt and seek validation.

79.    At no time during the calls, did Defendants advise Plaintiff that the call was an attempt to collect a debt and that any information obtained could be used for that purpose. Defendants did not give Plaintiff the required mini-Miranda warning.

80.    Defendants also failed to disclose that they are debt collectors.

81.    As a result of Defendants' actions, Plaintiff experienced humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

82.    At all relevant times herein, Defendants knew or had reason to know that they were obligated to comply with the provisions of the FDCPA and TCPA.

**Count I: Violations of the FDCPA**
**15 U.S.C. § 1692, *et. seq.***

83.    Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

84.    Defendants violated several sections of the FDCPA, including but not limited to the following sections and their various subsections:

85.    Defendants communication practices violated 15 U.S.C. § 1692c(a)(2) by contacting a consumer known to be represented by an attorney.

86.    Defendants violated 15 U.S.C. § 1692d by engaging in conduct with the intent to, and which did result in, harassment, oppression, and abuse of a person in connection with collecting the alleged debt.

87.    Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representation and means in connection with the collection of the alleged debt.

88.    Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose that they are debt collectors and their calls were attempts to collect a debt.

89. Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the alleged debt.

90. Defendants violated 15 U.S.C. § 1692g by failing to provide the required disclosures.

91. As a result of the Defendants' violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, and all costs and reasonable attorneys' fees pursuant to the relevant provisions of the FDCPA.

**Count II: Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227 _et. seq._**

92. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

93. Defendants intentionally made telephone calls to Plaintiff using an artificial or prerecorded voice to deliver a message in violation of 47 U.S.C. 227 _et. seq._

94. Defendants negligently made telephone calls to Plaintiff using an artificial or prerecorded voice to deliver a message in violation of 47 U.S.C. 227 _et. seq._

95. Defendants made said calls using the ATDS without the prior express consent of Plaintiff.  Plaintiff and Defendants have never had an established business relationship and the calls were not for emergency purposes.

96. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

**CLASS ACTION ALLEGATIONS**

97. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

98. The debts alleged to be owed by Plaintiff and those similarly situated were incurred  for

personal, family or household purposes.

99.    Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> Excluding persons who, prior to the date this action is certified to proceed as a class action, either (a) died, (b) commenced an action in any court against Defendants alleging a violation of the Fair Debt Collection Practices Act and Telephone Consumer Practices Act (c) signed a general release of claims against Defendants, or (d) is a Judge assigned to this case or member of such Judge's staff or immediate family, the Class consists of;

> All consumers residing in the United States, to whom Defendants made collection calls using an artificial voice or pre-recorded message, with the same or similar content as the message complained of above.

100.   Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the FDCPA and TCPA.

101.   The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

102.   There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.

103.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA and TCPA statutory scheme provides for statutory damages payable to each class member.

104.   A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

105.   Plaintiff's claims are typical of the claims of the members of the Class.

106.  The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

107.  Plaintiff does not have interests antagonistic to those of the Class.

108.  The Class, of which Plaintiff is a member, is readily identifiable.

109.  Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation.

110.  Proposed Class Counsel have investigated and identified potential claims in the action; have experience in handling consumer claims of the type asserted in this action.

111.  The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

112.  Plaintiff does not anticipate any difficulty in the management of this litigation.

## DEMAND FOR TRIAL BY JURY

113.  Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated,

demands judgment from the Defendants as follows:

A.    For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Charles, Pascal, Cohen, P.C. and Bohrer Brady, LLC as class counsel;

B.    For damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1).

C.    For maximum statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

D.    For maximum statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

E.    For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.    For damages in favor of Plaintiff pursuant to 47 U.S.C. 227(b)(3)(B) and (C);

G.    For maximum statutory damages in favor of the Class pursuant to 47 U.S.C. 227(b)(3)(B) and (C);

H.    Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

I.    For pre-judgment and post-judgment interest;

J.    For a declaration that the Defendants' practices violated the FDCPA;

K.    For a declaration that the Defendants' practices violated the TCPA; and

L.    For such other and further relief as the Court deems equitable, just and proper.

Date:    September 14, 2016

Respectfully submitted,


   */s/ Scott Brady*
Scott E. Brady, Esq.
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225)925-5297
Facsimile:  (225)231-7000
scott@bohrerbrady.com


      **and**


**CHARLES, PASCAL, COHEN P.C.**
Lesa G. Pascal, Esq. (To be admitted *Pro Hac Vice*)
405 RXR Plaza
Uniondale, NY 11556
Telephone: (516)522-0677
Facsimile:  (516)706-1978
lpascal@cpcohen.com

*Counsel for Plaintiff*